IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAROD T. GRAHAM,<br><br>Petitioner,<br><br>v.<br><br>D.B. OBERLANDER and THE ATTORNEY GENERAL OF THE STATE OF COMMONWEALTH OF PENNSYLVANIA,<br><br>Respondents. | : | CIVIL ACTION NO. 20-4321 |

**MEMORANDUM OPINION**

Smith, J. September 9, 2020

The *pro se* petitioner has filed an application for leave to proceed *in forma pauperis* and a habeas petition under 28 U.S.C. § 2254 in which he seeks to challenge his state court conviction for first-degree murder, for which he received a life sentence without the possibility of parole. This is the petitioner's second attempt at challenging his murder conviction and life sentence.

The court concludes that the instant petition is a second or successive habeas petition for which the petitioner has not received prior authorization from the Third Circuit Court of Appeals before filing it. Without first receiving this authorization, this court lacks subject-matter jurisdiction to consider the petition. Therefore, although the court will grant the petitioner leave to proceed *in forma pauperis*, the court will dismiss the petition without prejudice. The court is dismissing the petition without prejudice instead of transferring it to the Third Circuit Court of Appeals because the interest of justice does not warrant transferring the petition in this case.

## I. PROCEDURAL HISTORY

On August 25, 2020, the *pro se* petitioner, Sharod J. Graham ("Graham") filed an application for leave to proceed *in forma pauperis* ("IFP Application") and a petition for a writ of habeas corpus under 28 U.S.C. § 2254.[1] *See* Doc. Nos. 1, 2. In the habeas petition, Graham indicates that he was charged at two criminal action numbers in the Court of Common Pleas of Philadelphia County: Nos. CP-51-CR-3430-2011 and CP-51-CR-7197-2010. *See* Pet. at ECF p. 1. Graham also indicates that after a bench trial, the trial judge convicted him of first-degree murder, attempted rape, attempted sexual assault, aggravated assault, rape by forcible compulsion, and sexual assault. *Id.* For these convictions, he received a life sentence and a concurrent sentence of a minimum of ten years to a maximum of twenty years' incarceration. *Id.*

Graham raises the following claims in the petition: (1) ineffective assistance of his trial counsel insofar as counsel unduly influenced him to agree to a bench trial, (2) the trial judge's verdict of first-degree murder was against the weight of the evidence because it did not show he had the specific intent to kill or premeditation, and (3) the trial judge's verdict for first-degree murder was based on insufficient evidence. *Id.* at ECF pp. 5–10, 12–19. For relief, Graham seeks to have the court vacate his first-degree murder conviction and the corresponding life sentence at No. CP-51-CR-7197-2010. *Id.* at ECF p. 26. Although Graham appears to recognize that the instant petition is facially untimely, he seeks to be excused from the limitations period because of circumstances created by the current pandemic. *Id.* at ECF p. 25.

[1] The federal "prisoner mailbox rule" provides that a *pro se* prisoner's petition is deemed filed "at the time petitioner delivered it to the prison authorities for forwarding to the court clerk." *Houston v. Lack*, 487 U.S. 266, 275–76 (1988). Here, Graham declares that he gave the petition to prison authorities for mailing on August 25, 2020. *See* Pet. Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Pet.") at ECF p. 26, Doc. No. 2. The court uses this date as the filing date.

## II. DISCUSSION

### A. The IFP Application

Regarding applications to proceed *in forma pauperis*,

> any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1). This statute

> "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Specifically, Congress enacted the statute to ensure that administrative court costs and filing fees, both of which must be paid by everyone else who files a lawsuit, would not prevent indigent persons from pursuing meaningful litigation. *Deutsch*[ *v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995)]. Toward this end, § 1915(a) allows a litigant to commence a civil or criminal action in federal court in [sic] *forma pauperis* by filing in good faith an affidavit stating, among other things, that he is unable to pay the costs of the lawsuit. *Neitzke*, 490 U.S. at 324, 109 S.Ct. 1827.

*Douris v. Middletown Twp.*, 293 F. App'x 130, 131–32 (3d Cir. 2008) (per curiam) (footnote omitted).

The litigant seeking to proceed *in forma pauperis* must establish that the litigant is unable to pay the costs of suit. *See Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989) ("Section 1915 provides that, in order for a court to grant *in forma pauperis* status, the litigant seeking such status must establish that he is unable to pay the costs of his suit."). "In this Circuit, leave to proceed *in forma pauperis* is based on a showing of indigence. [The court must] review the affiant's financial statement, and, if convinced that he or she is unable to pay the court costs and filing fees, the court will grant leave to proceed *in forma pauperis*." *Deutsch*, 67 F.3d at 1084 n.5 (internal citations omitted).

Here, after reviewing the IFP Application, it appears that Graham is unable to pay the costs of suit. Therefore, the court will grant him leave to proceed *in forma pauperis*.

**B. <u>Review of Habeas Petition</u>**

The Antiterrorism and Effective Death Penalty Act provides that a petitioner cannot file a second or successive petition for habeas corpus relief in a district court without first seeking and receiving approval from the appropriate court of appeals. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *see also Benchoff v. Colleran*, 404 F.3d 812, 816 (3d Cir. 2005) ("As a procedural matter, § 2244(b)(3)(A) establishes a 'gatekeeping' mechanism that requires a prospective applicant to 'file in the court of appeals a motion for leave to file a second or successive habeas application in the district court.'" (quoting *Felker v. Turpin*, 518 U.S. 651, 657 (1996))). A district court lacks subject-matter jurisdiction to consider a second or successive habeas petition if the petitioner failed to first obtain approval from the court of appeals. *See Burton v. Stewart*, 549 U.S. 147, 157 (2007) ("The long and short of it is that [the petitioner] neither sought nor received authorization from the Court of Appeals before filing his...'second or successive' petition challenging his custody, and so the District Court was without jurisdiction to entertain it.").

Additionally, "[w]hen a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002); *see* 28 U.S.C. § 1631 ("Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could

have been brought at the time it was filed."). When determining whether to transfer a habeas action to the court of appeals, the district court should "consider whether the petitioner alleges sufficient facts to satisfy the gatekeeping requirement of the relevant habeas provision." *Lee v. Lane*, No. 1:15-CV-2195, 2017 WL 3167410, at *3 (M.D. Pa. June 23, 2017) (citations omitted); *see Hatches v. Schultz*, 381 F. App'x 134, 137 (3d Cir. 2010) ("In deciding that it would not be in the interest of justice to transfer the petition to the Fourth Circuit, the District Court properly considered whether Hatches had alleged facts sufficient to bring his petition within the gatekeeping requirement of § 2255 permitting 'second or successive' petitions based upon newly discovered evidence or a new rule of constitutional law." (citation omitted)).

Here, Graham previously filed a section 2254 habeas petition that the clerk of court docketed on August 28, 2018. *See Graham v. Overmeyer, et al.*, Civ. A. No. 18-3686 ("*Graham I*"). In this habeas petition, Graham indicated that the petition related to his conviction and life sentence without parole imposed by the Court of Common Pleas of Philadelphia County, docketed at No. CP-51-CR-7197-2010. *See* Pet. Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by Person in State Custody at ECF p. 1, *Graham I*, Doc. No. 2. His sole claim was one challenging the jurisdiction of the trial court in No. CP-51-CR-7197-2010. *See id.* at ECF p. 6.

United States Magistrate Judge Elizabeth T. Hey filed a report and recommendation on November 15, 2019, recommending that the court deny the habeas petition because Graham's sole claim was procedurally defaulted (and even if it was not, it was meritless). *See* R. & R. at 9–14, *Graham I*, Doc. No. 12. This court adopted the report and recommendation and denied the habeas petition via an order entered on January 9, 2020. *See* Order at 1–2, *Graham I*, Doc. No. 16. Graham did not file an appeal from this decision.

Even though Graham has filed a prior habeas petition, the court must still determine whether the instant petition is a "second or successive" habeas petition. In resolving this issue, the court notes that "[s]ection 2244 . . . does not define what constitutes a 'second or successive' petition." *Benchoff*, 404 F.3d at 816; *see also Christy v. Horn*, 115 F.3d 201, 208 (3d Cir. 1997) ("While the AEDPA requires [the procedure of first obtaining authorization from a court of appeals before filing a second or successive application], it does not define what is meant by 'second' or 'successive.'" (alteration to original)). Nonetheless, "'a prisoner's application is not second or successive simply because it follows an earlier federal petition.'" *Benchoff*, 404 F.3d at 817 (quoting *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)); *see also Stewart v. Martinez-Villareal*, 523 U.S. 637, 643 (1998) ("This may have been the second time that respondent had asked the federal courts to provide relief on his *Ford* claim, but this does not mean that there were two separate applications, the second of which was necessarily subject to § 2244(b))."). Instead, the second or successive "doctrine . . . bar[s] claims that could have been raised in an earlier habeas corpus petition." *Benchof*, 404 F.3d at 817 (citations omitted). Further, "if a prisoner has filed a previous habeas petition that was adjudicated on the merits, he may not file a second or successive petition in the district courts without first seeking leave from the Court of Appeals." *In re Stitt*, 598 F. App'x 810, 811 n.1 (3d Cir. 2015).

As indicated above, this court entered an order in Civil Action No. 18-3686, which approved and adopted Magistrate Judge Hey's report and recommendation that the court deny Graham's section 2254 habeas petition because his claim was procedurally defaulted and, even if it was not procedurally defaulted, it was meritless. "The denial of a claim for habeas relief as procedurally defaulted constitutes a determination on the merits." *United States v. Flake*, 416 F. App'x 134, 136 (3d Cir. 2011); *see Upsher v. Goode*, No. CIV. A. 07-4202, 2007 WL 4323005,

at *1 (E.D. Pa. Dec. 6. 2007) ("For purposes of habeas corpus attacks on state custody, the concept of 'dismissal with prejudice' vis-à-vis the second or successive rule means ***either:*** . . . that the prior case was dismissed on grounds of procedural default." (emphasis in original)); *see also Carter v. United States*, 150 F.3d 202, 205 (2d Cir. 1998) (joining other circuit courts of appeals in holding that "a denial on grounds of procedural default constitutes a disposition on the merits and thus renders a subsequent § 2254 petition or § 2255 motion 'second or successive' for purposes of the AEDPA"). Therefore, because the court has previously denied Graham's habeas petition on procedural default grounds, the instant petition is a second or subsequent habeas petition and, Graham has failed to obtain authorization from the Third Circuit before filing it.[2]

As the court concludes that the instant petition is a second or successive petition, the only other question is whether to dismiss the petition or to transfer it to the Third Circuit. This question requires the court to examine whether Graham has alleged sufficient facts to satisfy the gatekeeping requirement of the relevant habeas provision. *See Lee*, 2017 WL 3167410, at *3. The habeas statute provides that a district court must dismiss a second or successive habeas petition unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but

---

[2] The court recognizes that unlike in the first petition, which references only No. CP-51-CR-7197-2010, the instant petition also references No. CP-51-CR-3430-2011. As Judge Hey explained in her report and recommendation at Civil Action No. 18-3686, Graham's first-degree murder conviction (and his attempted rape and attempted sexual assault convictions) occurred at No. CP-51-CR-7197-2010. *See* R. & R. at 1–2, *Graham I*. Graham was convicted of aggravated assault, rape, and sexual assault at No. CP-51-CR-3430-2011. *Id.* at 2. As evidenced by the claims in the instant petition, Graham is only challenging his first-degree murder conviction at No. CP-51-CR-7197-2010.

> for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

Here, Graham does not appear to acknowledge that he even filed the prior habeas petition in this new habeas petition. As such, he does not attempt to explain how his petition could qualify as a proper second or successive petition under 28 U.S.C. § 2244(b)(2). None of his claims appear to involve a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2244(b)(2)(A). In addition, while Graham challenges the sufficiency and weight of the evidence supporting his guilty verdict at trial, he has not alleged that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence," 28 U.S.C. § 2244(b)(2), or even attempted to identify any new evidence. While this court expresses no opinion about the merits of Graham's claims, *see Hatches*, 381 F. App'x at 137 ("[T]his inquiry as to the factual predicate of Hatches' claims did not require—and the District Court did not express—any opinion on the merits of the claims."), the court finds that the interest of justice does not warrant transferring this matter to the Third Circuit. Accordingly, the court dismisses this matter without prejudice.

## III. CONCLUSION

The instant petition is a second or successive habeas petition, and Graham has not obtained authorization from the Third Circuit before filing it here. Because Graham has not received such authorization, this court lacks subject-matter jurisdiction to consider the petition and will dismiss it without prejudice.[3]

[3] The court will also decline issuing a certificate of appealability because Graham has not made the requisite "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The court will enter a separate order.

                                                BY THE COURT:

                                                /s/ *Edward G. Smith*
                                                EDWARD G. SMITH, J.